**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sheryl Ann Raffile, | No. CV12-0365-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Executive Aircraft Maintenance, et al., | |
| Defendants. | |

Plaintiff Sheryl Ann Raffile filed her first amended complaint on May 22, 2012.[1] Doc. 58. Defendants Executive Aircraft Maintenance, a/k/a Copper State Turbine Company ("EAM"), and Steven W. Saunders have filed separate motions to dismiss. Docs. 67, 73. Both motions are fully briefed. Docs. 67, 70, 71; Docs. 73, 74, 76. For the reasons that follow, the Court will grant in part and deny in part EAM's motion, and will grant Saunders's motion.[2]

**I.    Background.**

Plaintiff alleges the following. She is the mother of two young boys. Doc. 58, ¶ 9. On July 10, 2009, she and pilot Christopher Morrell were traveling in a Beechcraft Model

---

[1] On September 4, 2012, Plaintiff filed a second amended complaint (Doc. 85) in violation of Federal Rule of Civil Procedure 15(a) and LRCiv 15.1. Plaintiff's first amended complaint (Doc. 58) is the active complaint.

[2] Defendant Saunders' request for oral argument (Doc. 73) is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1  BE35 Bonanza aircraft bearing registration number N4334W over Las Vegas, New Mexico. *Id.* ¶ 10. The aircraft "just gave out," as stated by Mr. Morrell in the State of New Mexico Incident Report. *Id.* ¶ 11. The aircraft plummeted to the ground, catching fire and severely injuring Mr. Morrell and Plaintiff. *Id.* ¶ 12. At the time, Plaintiff was 37 years of age. *Id.* ¶ 9.

Plaintiff was transported to the University of New Mexico Hospital in Albuquerque, where she was admitted with 50-60% body surface area burns of mostly full thickness, especially in her lower extremities, abdomen, lower back, and arms. *Id.* ¶ 13. Plaintiff was intubated, sedated, and placed on mechanical ventilation. *Id.* ¶ 14. She underwent numerous procedures over the next 11 days. *Id.* ¶ 15. On July 21, 2009, Plaintiff was transferred to a burn unit at Cornell Medical Center where she underwent amputation of both lower extremities. *Id.* ¶ 16. On or about December 18, 2009, Plaintiff was discharged home. *Id.* ¶ 17. She continues to receive medical treatment for the injuries she suffered as a result of the incident. *Id.*

According to a Federal Aviation Administration ("FAA") investigation, Barron Thomas Scottsdale, LLC ("Barron"), an aircraft broker company outside of Scottsdale, Arizona, sold the aircraft to Mr. Morrell on July 9, 2009, the day prior to the incident. *Id.* ¶ 19. The aircraft was sold on behalf of Steve Saunders of Laughlin, Nevada. *Id.* ¶ 20. The agreement to sell the aircraft to Mr. Morrell was negotiated and executed while the aircraft was owned, possessed, and controlled by Mr. Saunders in Arizona. *Id.* The transfer of title following the sale of the aircraft on July 9, 2009, resulted in an Aircraft Bill of Sale executed by Mr. Saunders in favor of Barron and an immediate subsequent execution of an Aircraft Bill of Sale by Barron in favor of Mr. Morrell. *Id.* The FAA further found that in the week prior to the incident, EAM performed an annual inspection of the aircraft. *Id.* ¶ 21.

In her first amended complaint, Plaintiff alleges strict products liability, failure to warn, and negligence, against all Defendants. Doc. 58.

**II.     Legal Standard.**

When analyzing a complaint for failure to state a claim for relief under Rule 12(b)(6), the well-pled factual allegations "'are taken as true and construed in the light most favorable to the nonmoving party.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted). Legal conclusions couched as factual allegations "are not entitled to the assumption of truth," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), and therefore "'are insufficient to defeat a motion to dismiss for failure to state a claim,'" *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) (citation omitted).

To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court may not assume that the plaintiff can prove facts different from those alleged in the complaint. *See Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005). Dismissal is appropriate where the complaint lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n.1 (9th Cir. 1997).

**III.    EAM's Motion to Dismiss.**

EAM moves to dismiss Plaintiff's strict products liability and failure to warn claims. Doc. 67.

    **A.     Strict Products Liability.**

A product liability action is "any action brought against a manufacturer or seller of a product for damages for bodily injury, death or property damage caused by or resulting from the manufacture, construction, design, formula, installation, preparation, assembly, testing, packaging, labeling, sale, use or consumption of any product, the failure to warn . . . or the failure to provide proper instructions[.]" A.R.S. § 12-681(5). Arizona courts have recognized a products liability claim "in three distinct situations:

(1) [m]anufacturing defects, (2) design defects, and (3) warning or instruction defects; that is, failure to adequately warn or instruct in the use of the product." *Brown v. Sears, Roebuck & Co.*, 667 P.2d 750, 756 (Ariz. App. 1983). Plaintiff appears to allege all three theories. *See* Doc. 58, ¶ 24. To establish a prima facie case for strict products liability, "a plaintiff must show that the product was in a defective condition (when it left the defendant's hands), that the defect made the product unreasonably dangerous, and that the defect was a proximate cause of plaintiff's injuries." *Sw. Pet Prods., Inc. v. Koch Indus., Inc.*, 273 F. Supp. 2d 1041, 1051 (D. Ariz. 2003).

EAM argues that it does not qualify as a "manufacturer" or "seller" under Arizona's product liability statute. Doc. 67, at 6. A "manufacturer" is "a person or entity that designs, assembles, fabricates, produces, constructs, or otherwise prepares a product or component part of a product before its sale to a user or consumer[.]" A.R.S. § 12-681(3). A "seller" is "a person or entity . . . that is engaged in the business of leasing any product or selling any product for resale, use, or consumption." A.R.S. § 12-681(9).

Plaintiff alleges generally that "the defendants, and each of them, so designed, manufactured, remanufactured, overhauled, modified, altered, repaired, sold, or provided instructions or warnings for the components, assemblies, or systems" of the aircraft. Doc. 58, ¶ 23. While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*[3]

The only specific allegation that Plaintiff makes in her first amended complaint with respect to EAM is that it provided inspection services on the aircraft the week prior to the crash. Doc. 58, ¶ 21. The first amended complaint does not describe any specific work that EAM performed during the inspection. Dismissal is appropriate because

---

[3] In her response to the motion to dismiss, Plaintiff relies on *Conley v. Gibson*, 335 U.S. 41 (1957), and related cases. Doc. 70 at 7. The *Conley* standard was abrogated by the Supreme Court in *Twombly*, 550 U.S. at 563.

1   Plaintiff has not alleged sufficient facts for strict products liability against EAM as either
2   a manufacturer or seller.[4]  *See Balistreri*, 901 F.2d at 699.

3   In her response to the motion to dismiss, Plaintiff makes new factual allegations
4   against EAM, namely that it removed and replaced the aircraft's left bladder fuel tank,
5   nose landing gear, flexible steering link end assembly, flex steering bearing, rod end, and
6   wheel bearings.  Doc. 70, at 10.  Plaintiff also alleges in her response that "EAM has a
7   significant maintenance facility which operates a parts department," that "[a]n aircraft
8   cannot undergo an annual inspection without replacing parts," and that a jury may believe
9   that EAM's modifications to the aircraft were a proximate cause of the accident.  *Id.*
10  at 10-11.  These new allegations are irrelevant for Rule 12(b)(6) purposes.  *See Schneider*
11  *v. Cal. Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the
12  propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a
13  plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion
14  to dismiss.") (emphasis in original).  The Court will dismiss Plaintiff's strict products
15  liability claim against EAM.

16  **B.    Failure to Warn.**

17  EAM argues that because it is not a manufacturer or seller subject to strict
18  products liability, Plaintiff's failure to warn claim must also be dismissed.  Doc. 67, at 9.
19  Failure to warn is a form of strict products liability.  *See Sw. Pet Prods., Inc.*, 273
20  F. Supp. 2d at 1051.  "There is no separate tort named 'failure to warn.'  Where liability
21  is incurred by reason of a 'failure to warn[,]' it is because there is found present a duty to
22  prevent harm to the individual who is injured."  *McGeorge v. City of Phoenix*, 572 P.2d
23  100, 106 (Ariz. App. 1977).  As discussed above, Plaintiff has not pled sufficient facts to
24  show that EAM was a manufacturer or seller with a duty to warn under Arizona's strict

---

[4] *See Johnson v. William C. Ellis & Sons Iron Works, Inc.*, 604 F.2d 950, 955 (5th Cir. 1979) (finding it unlikely that Mississippi courts would impose strict liability for latent product defects on repairers or installers given "the refusal of a majority of other jurisdictions to impose strict liability on those who merely provide repairs and installation") (collecting cases).

- 5 -

products liability statute.

However, both negligence and strict liability standards impose a duty to produce products with appropriate warning instructions and other safety features. *Anguiano v. E.I. DuPont de Nemours & Co., Inc.*, 808 F. Supp. 719, 722 (D. Ariz. 1992) (citing *Shell Oil Co. v. Gutierrez*, 581 P.2d 271, 277 (Ariz. App. 1978)); *Dole Food Co., Inc. v. N.C. Foam Indus.*, 935 P.2d 876, 879 (Ariz. App. 1996). "The elements of both negligence and strict liability are the same with the exception that in negligence, the plaintiff must show that the defendant breached its duty of due care and in strict liability the plaintiff must show that the product was unreasonably dangerous." *Anguiano*, 808 F. Supp. at 722. Under both theories, Plaintiff must prove that the aircraft was in a defective condition and unreasonably dangerous. *Mather v. Caterpillar Tractor Corp.*, 533 P.2d 717, 719 (Ariz. App. 1975).

It does not follow, however, that EAM must be either a manufacturer or seller under A.R.S. § 12-681 in order to owe a duty to Plaintiff. *See Stanley v. McCarver*, 92 P.3d 849, 854 (Ariz. 2004) ("[I]n negligence cases the duty is always the same[:] to conform to the legal standard of reasonable conduct in the light of the apparent risk.") (quotation omitted). By undertaking to inspect the aircraft (Doc. 58, ¶ 21), EAM may have placed itself in a unique position to prevent future harm to Plaintiff. *See Stanley*, 92 P.3d at 853. EAM has not moved to dismiss Plaintiff's negligence claim. Plaintiff may allege that EAM was negligent for failure to warn. *See Powers v. Taser Int'l, Inc.*, 174 P.3d 777, 783 (Ariz. App. 2007) ("Negligence law in a failure-to-warn case requires a plaintiff to prove that a manufacturer or distributor did not warn of a particular risk for reasons which fell below the acceptable standard of care, i.e., what a reasonably prudent manufacturer would have known and warned about.").

For these reasons, the Court will dismiss Plaintiff's failure to warn claim against EAM to the extent it is based on strict liability, but will allow Plaintiff to pursue a failure to warn theory in support of her negligence claim against EAM.

**IV.    Saunders's Motion to Dismiss.**

Defendant Saunders moves to dismiss Plaintiff's first amended complaint against him in its entirety. Doc. 73.

**A.    Strict Products Liability.**

Arizona has adopted the strict liability rule of the Restatement (Second) of Torts § 402A (1965). *See Brown*, 667 P.2d at 754 (citing *O.S. Stapley Co. v. Miller*, 447 P.2d 248 (1968)); *Hernandez v. Fritz Enters., Inc.*, No. CIV 05-364-TUC-CKJ, 2007 WL 2903030, at *4 (D. Ariz. Sept. 28, 2007). Section 402A provides, in part:

> (1)   One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if
>
> (a)   the seller is engaged in the business of selling such a product, and
>
> (b)   it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

RESTATEMENT (SECOND) OF TORTS § 402A (1965).

Saunders acknowledges that he may have conveyed title of the aircraft to another defendant, but argues that this does not make him a seller engaged in the business of selling used aircrafts. Doc. 73, at 5. He claims that he "is no more than an 'occasional seller.'" *Id.* at 8.

Plaintiff's first amended complaint alleges that Saunders "owned, maintained, and operated [the] aircraft in Scottsdale, Arizona, and engaged in actions designed to advertise that aircraft for sale to members of the general public in 2009[.]" Doc. 58, ¶ 4. The complaint further alleges that Saunders owned, possessed, and controlled the aircraft when the agreement to sell the aircraft to Mr. Morrell was negotiated and executed, and that the aircraft "was sold on behalf of" Saunders. *Id.* ¶ 20. These allegations do not establish that Saunders was engaged in the business of selling aircraft.

Plaintiff's general assertion that the defendants, "each of them, were engaged in the business of owning, designing, manufacturing, testing, inspecting, remanufacturing, overhauling, altering, modifying, maintaining, repairing, selling, delivery, or other manners of product support" does not meet the pleading standards of *Twombly* and *Iqbal*. Doc. 58, ¶ 7. And while Plaintiff asserts in her response brief that "Saunders has been engaged in the business of selling aircraft generally," the Court will not look beyond the allegations in Plaintiff's complaint. *See Schneider*, 151 F.3d at 1197 n.1. The Court will dismiss the strict liability claim against Saunders.

**B.    Negligence.**

"The elements of actionable negligence are 'the existence of a duty owed by the defendant to the plaintiff, a breach of that duty and an injury proximately caused by that breach.'" *Flowers v. K-Mart Corp.*, 616 P.2d 955, 957 (Ariz. App. 1980) (citation omitted). Saunders argues that he is merely a previous owner and operator of the aircraft, and that this does not make him liable to Plaintiff under a negligence theory. Doc. 73, at 10.

Plaintiff responds that Saunders, "as the owner, was responsible for maintaining custody and performing the maintenance on [the] aircraft in order to maintain its status as an airworthy plane" (Doc. 74, at 5), "was required to own, test, overhaul, maintain, and repair the aircraft" (*id.* at 10), and, under FAA regulations, that he "is required to identify and remove deficiencies or defects before advertising an aircraft for sale as an airworthy craft" (*id.* at 12). The first amended complaint does not allege that Saunders violated FAA regulations (*see* Doc. 58), and the Court will not consider arguments raised for the first time in Plaintiff's response brief as part of the complaint for purposes of Saunders' motion to dismiss. *See Schneider v. Cal. Dept. of Corr.*, 151 F.3d at 1197 n.1. Even if the FAA regulations were applied, Saunders argues that the responsibility for maintaining the airworthiness of an aircraft lies with the current owner rather than the past owner. Doc. 76, at 4-5 (citing *South Side Trust & Sav. Bank of Peoria v. Mitsubishi Heavy Indus., LTD*, 927 N.E. 2d 179, 189 (Ill. App. 2010) (finding that FAA regulations contain

no indication that they impose a continuing duty to maintain on past owners of an aircraft)).

Plaintiff does allege generally that "Defendants, as suppliers of the aircraft, owed a duty to the general public, and to Plaintiff in particular, to use reasonable care to ensure that the aircraft and all of its component parts and assemblies [were] in appropriate condition and fit for the intended use of the aircraft . . . and that it complied with the qualities and characteristics that they represented it had." Doc. 58, ¶ 36. Plaintiff also alleges that "Defendants had a further duty to exercise reasonable care in the testing, inspection, and maintenance of all component parts of the aircraft[.]" *Id.* ¶ 38. These allegations are the type of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that are insufficient to withstand a motion to dismiss. *Iqbal*, 556 U.S. at 678. Although Plaintiff alleges that Saunders "engaged in actions designed to advertise that aircraft for sale" (Doc. 58, ¶ 4), she has not identified any specific misrepresentations that Saunders made regarding the qualities and characteristics of the aircraft. The Court will dismiss Plaintiff's negligence claim against Saunders because Plaintiff has not pled facts sufficient to show that he owed a duty to Plaintiff or that he breached that duty.

### C.   Failure to Warn.

A duty to warn is a prerequisite for a failure to warn theory, and the duty to warn must be analyzed as part of the larger question of whether there existed any duty at all. *See McGeorge*, 572 P.2d at 105-06. For the reasons previously discussed, Saunders is not a manufacturer or seller engaged in the business of selling aircrafts to whom strict liability for failure to warn attaches. *See* A.R.S. § 12-681; RESTATEMENT (SECOND) OF TORTS § 402A (1965). Nor has Plaintiff sufficiently pled facts that establish a duty owed by Saunders, as a previous owner of the aircraft, to Plaintiff. *See McGeorge*, 572 P.2d at 106 (liability for failure to warn must be premised on a duty to prevent harm to the individual who is injured). Plaintiff has failed to state a claim for failure to warn against Saunders under either strict liability or negligence. The Court will dismiss this claim.

**IT IS ORDERED:**

1. Defendant EAM's motion to dismiss (Doc. 67) is **granted in part and denied in part**, as set forth in this order. Plaintiff's strict products liability claim against EAM is **dismissed**.

2. Defendant Saunders's motion to dismiss (Doc. 73) is **granted**.

Dated this 25th day of September, 2012.

David G. Campbell
United States District Judge